**Gurdeep SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 05–71955, 05–75803.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 27, 2007.

Teresa Salazar, Law Offices of Martin Resendez Guajardo, a Professional Corporation, San Francisco, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Richard M. Evans, Esq., Paul Fiorino, Esq., DOJ— U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Gurdeep Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying Singh's January 18, 2005 motion to reopen removal proceedings and reconsider its previous order dismissing his appeal from an immigration judge's decision, and for review of the BIA's order denying Singh's July 14, 2005 motion to reopen. We review for abuse of discretion the denial of motions to reopening and reconsider, *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), and we deny in part and dismiss in part the petitions for review.

The BIA did not abuse its discretion in denying Singh's January 18, 2005 motion as untimely because the BIA issued its final order of removal on January 21, 2003, almost two years earlier, *see* 8 U.S.C. § 1229a(c)(6)(B) and (7)(C)(I), and the BIA

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

did not abuse its discretion in determining that equitable tolling was not warranted. *See Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (explaining that equitable tolling is available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error").

The BIA did not abuse its discretion in denying Singh's July 14, 2005 motion to reopen as number-barred. *See* 8 U.S.C. § 1229a(c)(7)(A).

We lack jurisdiction to review the BIA's decision not to invoke its *sua sponte* authority to reopen proceedings, and we are not persuaded by Singh's attempt to circumvent this jurisdictional bar. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002) (noting that "the decision of the BIA whether to invoke its sua sponte authority is committed to its unfettered discretion.") (italics and internal citations omitted).

**PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.**

The mandate shall issue forthwith.

